<mark>JS-6</mark>

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>  vs.<br><br>$727,562.81 REPRESENTING PROCEEDS FROM THE SALE OF REAL PROPERTY,<br><br>    Defendant.<br>_____<br><br>SEAN LIBBERT,<br><br>    Claimant. | NO. SACV 19-00222-CJC (ADSx)<br><br>CONSENT JUDGMENT<br>OF FORFEITURE |

Plaintiff, the United States of America, and potential claimant Sean Libbert ("Libbert") have stipulated to request the entry of this Consent Judgment, resolving this action in its entirety. On or about February 19, 2014, the government seized $727,562.81, Representing Proceeds From the Sale of Real Property ("defendant funds"). Thereafter, the government filed a complaint related to the defendant funds, and notice was given and published

1 | in accordance with law.  Pursuant to stipulations and granted
2 | orders, Libbert's time to file a claim has been extended to July
3 | 1, 2019.  No claims or answers have been filed, and other than in
4 | the case of Libbert, the time for filing claims and answers has
5 | expired.  The terms of the parties' agreement are set out below.
6 |     The Court, having considered the stipulation of the parties,
7 | and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND
8 | DECREES:
9 |     1.   The government has given and published notice of this
10 | action as required by law, including Rule G of the Supplemental
11 | Rules for Admiralty or Maritime Claims and Asset Forfeiture
12 | Actions, Federal Rules of Civil Procedure, and the Local Rules of
13 | this Court.  The government has not received any claims or
14 | answers, and other than in the case of Libbert, the time for
15 | filing claims and answers has expired.  This Court has
16 | jurisdiction over the parties and the defendant funds.  Other than
17 | Libbert, any potential claimants to the defendant funds are deemed
18 | to have admitted the allegations of the complaint.
19 |     2.   Libbert, who has a potential interest in the defendant
20 | funds, has agreed that the government may forfeit $436,537.69 of
21 | the defendant funds, plus all interest earned on the defendant
22 | funds from the time of seizure.  In return, the government will
23 | release to Libbert $291,025.12 of the defendant funds (the
24 | "released funds").  Nothing in this consent judgment is intended
25 | or should be interpreted as an admission of wrongdoing by Libbert,
26 | nor should this consent judgment be admitted in any criminal
27 | proceeding against Libbert to prove any of the facts relied upon
28 |

1 | to establish reasonable cause for the seizure of the defendant
2 | funds.

3. No later than 60 days from the date this Judgement is entered, or the date Claimant provides the information described below, whichever is later, the government shall release to Libbert $291,025.12 of the defendant funds, without interest.

4. The United States, in its sole discretion, may elect to deliver payment of the released funds either by check or by wire transfer. If by check, the United States shall make a check payable to the "Law Office of Craig Wilke Client Trust Account," and mailed to Libbert in care of his attorney, Mr. Craig Wilke, 305 N. Harbor Blvd., Suite 216, Fullerton, California 92832-1901. If by wire transfer, the returned funds shall be transferred to the Law Office of Craig Wilke Client Trust Account. Upon request by the United States, Libbert (through his attorney, Craig Wilke) shall provide his personal identifiers and the necessary bank account information for the trust account.

5. The remaining $436,537.69 of the defendant funds, together with all interest earned on the total of defendant funds since seizure, is hereby forfeited to the United States, and no other right, title, or interest shall exist therein. The government is ordered to dispose of the forfeited property in accordance with law.

6. The *Sean Libbert v. United States of America*, case number 18-55519 that is pending before the Ninth Circuit Court of Appeals is moot.

7. The Court finds that there was reasonable cause for the seizure of the defendant funds and the institution of this action.

This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

6. Each of the parties shall bear its own fees and costs in connection with the seizure of the defendant currency and this action.

IT IS SO ORDERED.

Dated: May 21, 2019

_____
THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE